# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

**ACTIVE MARKETING GROUP, INC.**                              **PLAINTIFF**


**v.**                              **Case No. 5:16-CV-05079-TLB**


**EB BRANDS HOLDINGS, INC. d/b/a EB Sport Group**
**and EB Brands**                              **DEFENDANT**


## ANSWER TO COMPLAINT AND COUNTERCLAIM

Defendant EB Brands Holdings, Inc., d/b/a/ EB Sport Group and EB Brands, by and through its attorneys Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., for its Answer to Plaintiff's Complaint states as follows:

1. Defendant admits the allegations in Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the allegations in Paragraph 2 of Plaintiff's Complaint.

3. In response to Paragraph 3 of Plaintiff's Complaint, Defendant admits that EB Sport Group and EB Brands are trade names utilized by affiliated business organizations in the ordinary course of business, and are not organized entities with independent legal status.

4. Defendant admits the allegations in Paragraph 4 of Plaintiff's Complaint.

5. In response to Paragraph 5 of Plaintiff's Complaint, Defendant admits the Court has personal jurisdiction over Defendant, and denies the remaining allegations contained in Paragraph 5.

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 7 of Plaintiff's Complaint; as such, said allegations are denied.

8. Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 8 of Plaintiff's Complaint; as such, said allegations are denied.

9. Defendant admits the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11. In response to Paragraph 11 of Plaintiff's Complaint, Defendant admits that a Sales Representative Agreement is attached thereto, but denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. With respect to Paragraphs 12, 13, 14, 15, 16, and 17 of Plaintiff's Complaint, Defendant affirmatively asserts that Exhibit "A" speaks for itself and that no response is required. To the extent that a response may be required, Defendant denies the allegations in each of the aforementioned paragraphs of Plaintiff's Complaint.

13. Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

14. Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

15. Defendant affirmatively asserts that the payment terms within Exhibit "A" speak for themselves, and otherwise denies the allegations in Paragraph 20 of Plaintiff's Complaint.

16. In response to Paragraph 21 of Plaintiff's Complaint, Defendant affirmatively asserts that Exhibit "A" speaks for itself, and no response is required. To the

2

extent that a response may be required, Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

17. In response to Paragraph 22 of Plaintiff's Complaint, Defendant affirmatively asserts that Exhibit "A" speaks for itself, admits the quoted language appears in the Agreement, but denies the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

18. In response to Paragraph 23 of Plaintiff's Complaint, Defendant admits that the Agreement states that it "shall be governed by and construed in accordance with the laws of the State of New York", and denies the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

19. Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

20. Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

21. Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

22. Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 27 of Plaintiff's Complaint; as such, said allegations are denied.

23. In response to Paragraph 28 of Plaintiff's Complaint, Defendant admits that a Termination Letter dated April 1, 2016 is attached to the Complaint as Exhibit "B." Defendant affirmatively asserts that Exhibit "B" speaks for itself, and otherwise denies the remaining allegations contained in Paragraph 28.

24. In response to Paragraph 29 of Plaintiff's Complaint, Defendant affirmatively asserts that Exhibit "B" speaks for itself, and otherwise denies the remaining allegations contained in Paragraph 29.

25. In response to Paragraph 30 of Plaintiff's Complaint, Defendant affirmatively asserts that Exhibit "B" speaks for itself. Defendant denies the remaining allegations as stated in Paragraph 30 of Plaintiff's Complaint.

26. Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint.

27. In response to Paragraph 32 of Plaintiff's Complaint, Defendant affirmatively asserts that Exhibit "B" speaks for itself, and otherwise denies the remaining allegations as stated in Paragraph 32 of Plaintiff's Complaint.

28. Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint.

29. With respect to the allegations contained in 34, 35, and 36 of the Plaintiff's Complaint, Defendant affirmatively asserts that Exhibit "A" speaks for itself, and otherwise denies the remaining allegations in Paragraphs 34, 35, and 36 of Plaintiff's Complaint.

30. Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraphs 37 and 38 of Plaintiff's Complaint; as such, said allegations are denied.

31. Defendant denies the allegations in Paragraph 39 of the Complaint.

32. With respect to Paragraph 40 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations. Defendant affirmatively asserts that no commission amount is due to AMG.

33. With respect to the allegations in Paragraph 41 of Plaintiff's Complaint, Defendant affirmatively asserts that Exhibit "A" speaks for itself and no response is required. To the extent a response may be required, Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint.

4

34. Defendant denies the allegations in 42, 43, 44, and 45 of Plaintiff's Complaint.

35. With respect to the allegations in Paragraph 46 of Plaintiff's Complaint, Defendant affirmatively asserts that Exhibit "A" speaks for itself and no response is required. To the extent a response may be required, Defendant denies the allegations in Paragraph 46.

36. Defendant denies the allegations in Paragraphs 47, 48, 49, 50, and 51 of Plaintiff's Complaint.

37. Defendant affirmatively asserts that A.C.A. § 4-70-301(2) (2015) speaks for itself. Defendant denies the allegations as stated in Paragraph 52.

38. Defendant affirmatively asserts that A.C.A. § 4-70-301(3) (2015) speaks for itself. Defendant denies the allegations as stated in Paragraph 53.

39. Defendant affirmatively asserts that A.C.A. § 4-70-301(1) (2015) speaks for itself. Defendant denies the allegations as stated in Paragraph 54.

40. Defendant affirmatively asserts that A.C.A. § 4-70-302 (2015) speaks for itself. Defendant denies the allegations as stated in Paragraph 55.

41. Defendant affirmatively asserts that A.C.A. § 4-70-306 (2015) and A.C.A. § 4-70-302 speak for themselves. Defendant denies the allegations as stated in Paragraph 56.

42. Defendant denies the allegations in Paragraph 57 of Plaintiff's Complaint.

43. Defendant denies the allegations as stated in Paragraph 58.

44. As to Plaintiff's "WHEREFORE" paragraph, Defendant denies that Plaintiff is entitled to the relief it seeks.

45. Defendant denies each and every allegation contained in Plaintiff's Complaint that is not specifically admitted herein.

46. Defendant states affirmatively that this case should properly be venued in the courts within the jurisdiction of the State of New York.

47. Defendant states affirmatively that Plaintiff's Complaint fails to state facts or a claim upon which relief can be granted.

48. Defendant pleads affirmatively that pursuant to the Federal Rules of Civil Procedure 12(b)(6), Count II fails to state an actionable claim for which relief can be granted.

49. Defendant pleads affirmatively that pursuant to the Federal Rules of Civil Procedure 12(b)(6), Count III fails to state an actionable claim for which relief can be granted.

50. Pending discovery, Defendant pleads and preserves all defenses set forth by Rule 12(b) of the Federal Rules of Civil Procedure, including, but not limited to, failure to state facts upon which relief can be granted.

51. Pending discovery, Defendant pleads and preserves all affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure applicable to this matter.

52. With respect to all counts, Defendant affirmatively pleads the affirmative defense of payment in full of all contractual obligations arising from the terms of Exhibit "A."

53. Plaintiff's Complaint is unripe and premature inasmuch as no commissions are due and owing under the Sales Representative Agreement.

54. Upon information and belief, Plaintiff failed to disclose a conflict of interest in derogation of its obligations as agent to Defendant under the terms of the Sales Representative Agreement and the principles of agency law.

55. Defendant reserves the right to supplement this Answer with additional defenses and affirmative defenses.

WHEREFORE, Defendant, EB Brands Holdings, Inc., d/b/a/ EB Sport Group and EB Brands, prays that Plaintiff's Complaint be dismissed with prejudice, for its costs and attorneys' fees, and all other just and proper relief to which it is entitled.

## COUNTERCLAIM

Now comes the Defendant EB Brands Holdings, Inc., d/b/a/ EB Sport Group and EB Brands, by and through its attorneys Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., and for its Counterclaim state:

56. Defendant lawfully executed a Sales Representative Agreement on December 31, 2014, a copy of which is attached to Plaintiff's Complaint as Exhibit "A."

57. The Sales Representative Agreement is a valid and enforceable contract.

58. Defendant terminated the Sales Representative Agreement for cause on April 1, 2016 via letter, a copy of which is attached to Plaintiff's Complaint as Exhibit "B."

## COUNT 1: ACCOUNTING

59. Defendant incorporates by reference Paragraphs 56 through 58 of these Counterclaims as well as its Answers to Plaintiff's Complaint as though fully set forth herein.

60. Prior to and during the term of the Agreement annexed to Plaintiff's Complaint as Exhibit A, Plaintiff came into possession of certain property belonging to Defendant, including, among other things, business records, sales and marketing materials, proprietary pricing lists, customer presentation materials, product samples, product prototypes, product specifications, confidential reports, customer reports, including Walmart reports, demonstration materials, and EB Brands trademarked materials.

61. Since termination of the Agreement with AMG, Defendant has demanded of Plaintiff the return of Defendant's property.

62. Upon information and belief, Plaintiff willfully and intentionally converted property belonging to Defendant, and has failed and refused to return said property to Defendants.

63. Upon information and belief, Plaintiff has continued to use Defendant's property for its own use and commercial advantage.

64. Defendant does not know and is unable to ascertain with certainty what money has been collected and received by Plaintiff as a result of these conversions.

65. Defendant has no adequate remedy at law.

Defendant is therefore entitled to an accounting.


## COUNT 2: REPLEVIN

66. Defendant incorporates by reference Paragraphs 56 through 65 of these Counterclaims as well as its Answers to Plaintiff's Complaint as though fully set forth herein.

67. Plaintiff has no ownership right in Defendant's property, yet, upon information and belief, it continues to unlawfully withhold the same from Defendant.

68. This property includes among other things, business records, sales and marketing materials, proprietary pricing lists, customer presentation materials, product samples, product prototypes, product specifications, confidential reports, customer reports, including Walmart reports, demonstration materials, and EB Brands trademarked materials.

69. Defendant has a superior ownership right and an immediate/exclusive right of possession of this property.

On the basis of the foregoing, Defendant is entitled to judgment awarding it the immediate and exclusive possession of this property.

## COUNT 3: DECLARATORY JUDGMENT

Defendant incorporates by reference Paragraphs 56 through 69 of these Counterclaims as well as its Answer to Plaintiff's Complaint in its entirety.

70. Plaintiff and Defendant lawfully executed a Sales Representative Agreement on December 31, 2014, a copy of which is attached to Plaintiff's Complaint as Exhibit "A."

71. The Sales Representative Agreement is a valid and enforceable contract.

72. Defendant terminated the Sales Representative Agreement for cause on April 1, 2016.

73. Out of an abundance of caution, Defendant has continued to make commission payments to Plaintiff as provided by the Sales Representative Agreement.

9

74. Accordingly, a justiciable controversy exists with respect to Plaintiff's right to receive termination compensation and Defendant's right, if any, to pay the same. Defendant, therefore, requests that the Court declare that the termination of the Sales Representative Agreement was for cause, that it owes no further obligation to Plaintiff under the Sales Representative Agreement, and that Plaintiff shall return all sums paid by Defendant following the termination of the Sales Representative Agreement on April 1, 2016.

WHEREFORE, Defendant, EB Brands Holdings, Inc., prays for judgment in its favor on its Counterclaims declaring the rights and liabilities of all parties to this action, declaring its right to recover its attorneys' fees and costs of this action, and for any and all other just and proper relief to which it is entitled.

Respectfully submitted,

*/s/ Christopher D. Plumlee*

**CHRISTOPHER D. PLUMLEE**
State Bar No. 96154
cplumlee@mwlaw.com

**WENDY L. JOHNSON**
State Bar No. 94067
wljohnson@mwlaw.com

**MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.**
5414 Pinnacle Point Drive, Suite 500
Rogers, AR  72758-8131
(479) 464-5660
(479) 464-5683 Fax

**OF COUNSEL**
(Pro Hac Vice Application Forthcoming)
**SCOTT D. PIPER**
NY Reg. # 2934081
spiper@HarrisBeach.com

**DAVID J. EDWARDS**
NY Reg. # 2603934
Harris Beach, PLLC
99 Garnsey Road
Pittsford, NY  14534
(585) 419-8800
DEdwards@HarrisBeach.com

*ATTORNEYS FOR DEFENDANT
EB BRANDS HOLDINGS, INC.*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 20, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Russell C. Atchley
Russell.Atchley@kutakrock.com

Stephen M. Dacus
Stephen.Dacus@kutakrock.com

W. Teague Orgeman
Teague.orgeman@stoel.com

Eric Bartsch
Eric.bartsch@stoel.com

By: */s/ Christopher D. Plumlee*
Christopher D. Plumlee