IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ACTIVE MARKETING GROUP, INC.                                PLAINTIFF

V.                          CASE NO. 5:16-CV-5079

EB BRANDS HOLDINGS, INC., d/b/a
EB Sport Group, EB Brands, E&B HK
Limited, EB Giftware, Sports and
Leisure Tech, and Sportline                                  DEFENDANT

## OPINION AND ORDER

Currently before the Court are Defendant EB Brands Holdings, Inc.'s ("EB") Motion for Leave to Deposit Funds with the Court pursuant to FRCP 67 (Doc. 49) and Memorandum of Law in Support (Doc. 50); Plaintiff Active Marketing Group, Inc.'s ("Active") Memorandum of Law in Opposition (Doc. 51) ("Response"); and EB's Memorandum of Law in Further Support (Doc. 54) ("Reply"). For the reasons given below, EB's Motion is **DENIED**.

As the Court has previously observed, this case arises out of a business dispute between the parties, who have been doing business with each other since 1989. *See* Doc. 43, p. 1.

> Specifically, Active has been acting as a sales representative for EB, placing EB's products for sale with retailers like Walmart. The subject of this lawsuit is the most recent sales representative agreement ("the Contract") between the parties, into which they entered on December 31, 2014. Active alleges that on April 1, 2016, EB breached the Contract by unilaterally terminating it without adequate notice or good cause, attempting to restrict Active's ability to communicate with Walmart, and withholding sales commissions that were owed to Active by EB under the Contract.

1

*Id.* (quoting Doc. 34, pp. 1–2). EB has denied Active's allegations and asserted counterclaims of its own, alleging *inter alia* that Active breached the Contract by failing "to use its best efforts to sell and promote [EB]'s products to Walmart," failing "to maintain a dedicated support team with close proximity to the Accounts," bringing in "less experienced personnel to replace, rather than supplement" the chief salesperson for EB's accounts, etc. *See id.* at 3–4.

The parties disagree on how much sales commission, if any, EB owes Active at this point; but EB contends that regardless, and out of an abundance of caution, it has continued throughout the pendency of this lawsuit making periodic payments to Active in the full amount of commissions Active believes it is owed, as they come due. *See* Doc. 49, ¶ 5. EB now seeks permission under Fed. R. Civ. P. 67 to deposit the remaining such payments with the Court, instead of giving them directly to Active. *See id.* at ¶ 8. Active opposes this request.

Rule 67 provides that:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. P. 67(a). The Rule further provides that deposited monies "must be deposited in an interest-bearing account or invested in a court-approved, interest-bearing instrument," and that such monies "paid into court under this rule must be deposited and withdrawn in accordance with 28 U.S.C. §§ 2041 and 2042 and any like statute." Fed. R. Civ. P. 67(b). The decision whether to permit a party to make such a deposit is committed to this Court's discretion. *See Tegtmeier v. PJ Iowa, L.C.*, 189 F. Supp. 3d 811, 825 (S.D.

Iowa 2016) (citing *Zelaya/Capital Int'l Judgment, LLC v. Zelaya*, 769 F.3d 1296, 1300 (11th Cir. 2014)). Rule 67's "core purpose . . . is to relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto," *id.* (internal quotation marks omitted), but it also "gives other litigants assurance that any judgment will be collectable," Fed. R. Civ. P. 67, Advisory Committee Notes for 1983 Amendment.

It does not appear to the Court that granting EB's request would relieve EB from any responsibility for disbursement of the disputed funds. EB is not seeking leave to deposit a solitary fixed lump sum with the Court; instead, EB is asking for permission to make an ongoing series of deposits with the Court, in the same unknown and variable amounts that it would otherwise be providing to Active. *See* Doc. 49, pp. 4–5. In other words, EB proposes to increase the Court's administrative burdens without reducing such burdens for any of the parties to this case. This would serve neither judicial economy nor the "core purpose" of Rule 67. *Cf. Tegtmeier*, 189 F. Supp. 3d at 826 ("PJ Iowa does not seek to relieve itself of the burden of administering an asset, nor does it offer any reason why such an order would promote judicial economy. Thus, the Court denies PJ Iowa's motion." (internal quotation marks and citation omitted)). And although EB fears "the prospect of never being able to recover those amounts [from Active] even if it is ultimately successful" on its counterclaims, *see* Doc. 49, ¶ 7, EB has made no concrete showing that would remove this fearsome prospect from the realm of passing speculation. *Cf. Qwest Corp. v. City of Portland*, 204 F.R.D. 468, 270 (D. Or. 2001) ("There is no indication that plaintiff could not satisfy a judgment against it. Defendants have not shown that they would be harmed if this court does not require a deposit of funds.").

3

**IT IS THEREFORE ORDERED** that Defendant EB Brands Holdings, Inc.'s Motion for Leave to Deposit Funds with the Court pursuant to FRCP 67 (Doc. 49) is **DENIED**.

**IT IS SO ORDERED** on this ___9TH___ day of May, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE